**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

WAYNE ROOKS, JR.,                                                                PLAINTIFF
ADC #123435

v.                                            4:14CV00149-DPM-JTK

DAVID BRADLEY, et al.                                                          DEFENDANTS

<u>**ORDER**</u>

This matter is before the Court on Plaintiff's Motion for Contempt and for the Appointment

of Counsel (Doc. No. 33).  Defendants responded in opposition to the Motion (Doc. No. 34).

In his Motion, Plaintiff complains that although he signed a medical release form,

Defendants improperly obtained his medical records from the Department of Human Services and

the Arkansas Department of Correction (ADC).[1]  He claims Defendants acted maliciously, and asks

them to return the files and be held in contempt of Court.  He also asks the Court to appoint counsel

to represent him.

In their Response, Defendants state that although FED.R.CIV.P. 37 provides for sanctions

related to discovery matters, they have complied with all Plaintiff's discovery requests.  They note

that Plaintiff submitted a valid medical authorization form, permitting them to obtain copies of his

relevant medical records.  While Plaintiff's complaint concerns his medical care and treatment while

at the (Jail), records from the ADC are relevant to determine if he continues to receive treatment for

any injuries allegedly suffered while at the Jail.  Defendants state they have provided Plaintiff with

copies of all medical records they have received, and that Plaintiff's Motion should be denied.

---

[1]Plaintiff is incarcerated at the East Arkansas Regional Unit of the ADC.  He filed this
action pursuant to 42 U.S.C. Sect. 1983 based on his alleged inadequate medical care and
treatment while at the Van Buren County Detention Center (Jail).

The Court finds no discovery violation and no violation of a Court Order by Defendants; therefore, Plaintiff's request that they be held in contempt of Court is denied.  Furthermore, Plaintiff placed his medical condition at issue by filing this lawsuit and he admits he signed a form authorizing Defendants to obtain his medical records.  Defendants shall limit the use of such records to that which is relevant only to the issues set forth in the case.  Therefore, Plaintiff's Motion for Contempt should be denied.

With respect to Plaintiff's Motion for Counsel, while a pro se litigant has no statutory or constitutional right to appointed counsel in a civil case, Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), the Court may, in its discretion, appoint counsel for non-frivolous claims where "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Johnson v. Williams, 788 F.2d 1319, 1322  (8th Cir. 1986).  In evaluating  the plaintiff's request in Johnson, the Court considered four factors:  (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims.  Id. at 1322-23.

Having considered the above factors, the Court finds that Plaintiff's motion should be denied at this time.  Plaintiff's claims are not legally or factually complex, and the record demonstrates Plaintiff is capable of proceeding without the benefit of appointed counsel.   Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Contempt and for the Appointment of Counsel (Doc. No. 33) is DENIED.

IT IS SO ORDERED this 18th day of August, 2014.

_____
  JEROME T. KEARNEY
  UNITED STATES MAGISTRATE JUDGE